# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

ROY MANDELL SMITH,       )
          )
     Plaintiff,     )
          )
    v.       )   **CASE NO. 5:18-CV-137 (MTT)**
          )
SUPERINTENDENT MICHAEL   )
CANNON *et al.*,      )
          )
     Defendants.   )
_____ )

## ORDER

After screening the Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, United States Magistrate Judge Charles H. Weigle allowed the Plaintiff's First Amendment retaliation claims against Defendants Cannon, Forts, and Powell to proceed for further factual development.  Doc. 6 at 1.  The Magistrate Judge recommends dismissing without prejudice the Plaintiff's claims against Defendants Foolsman and Goody.  *Id.* The Plaintiff has objected to the Recommendation and filed an amended complaint.[1] Docs. 11; 12.  Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed de novo the

---

[1] Pursuant to Federal Rule of Civil Procedure 15(a)(1), the Plaintiff may amend his pleading once as a matter of course.

  The Plaintiff has also filed a "Motion for Disqualification of Justice, Judge or Magistrate Judge."  Doc. 13. In that motion, the Plaintiff argues that the Undersigned should be removed from this case because the Undersigned, "by not taking affirmative action(s) to file his order to the court clerk and plaintiff in a timely manner" so that Defendants Foolsman and Goody may be served, is biased against the Plaintiff.  *Id.* at 2. That allegation is patently frivolous.  Disqualification under 28 U.S.C. § 455(a) is required only when the alleged bias is personal in nature, meaning, it "must stem from an extra-judicial source."  *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994) (quotation marks and citations omitted).  Here, the alleged bias—delay in ruling—clearly occurs in a judicial context and does not "constitute the sort of 'pervasive bias' that necessitates recusal."  *Id.* at 781.  Accordingly, the Plaintiff's Motion for Disqualification is **DENIED**.  *See United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) (quotation marks and citation omitted) ("[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation.").

portions of the Recommendation to which the Plaintiff objects. For the following reasons, the Recommendation is **ADOPTED in part** and **REJECTED in part**.

In his objection, the Plaintiff argues that Defendants Goody and Foolsman should not be dismissed from this case because they were involved in the other Defendants' retaliation against him. Doc. 11 at 1. Specifically, as to Defendant Goody, the Plaintiff contends that Defendant Goody "play[ed] the silent partner in all 90-day review form(s); he posses as a care and treatment member with [the other Defendants], and has always decided to retaliate against the Plaintiff . . . by signing off that he recommend[s] Plaintiff remain in current phase. . . ." *Id.* at 2. In his amended complaint, the Plaintiff includes Defendant Goody as one of the Defendants who "made the recommendation to move the Plaintiff back a phase." *Compare* Doc. 1 at 7, *with* Doc. 12 at 1. Thus, liberally construing the Plaintiff's pleadings, the Court concludes the Plaintiff has sufficiently alleged that Defendant Goody was involved in the other Defendants' retaliation.

The same cannot be said, however, with regard to Defendant Foolsman. The Plaintiff, in either his objection or amended complaint, does not explain how Defendant Foolsman was involved with the decision to advance and deny his 90-day review, the decision to deny his 90-day review appeal form, or the decision to phase him back.[2] Instead, the Plaintiff argues in his objection that Defendant Foolsman, as grievance coordinator, retaliated against him by not processing his grievance, despite having "full knowledge of Defendant Powell['s] prior retaliation tactic[s]" due to the Plaintiff previously filing a grievance to her about Defendant Powell's alleged retaliatory conduct.

---

[2] In fact, the amended complaint makes no mention of Defendant Foolsman. *See generally* Doc. 12.

Doc. 11 at 1.  But this does not plausibly show how Defendant Foolsman had any retaliatory motive in failing to process his grievance.  Moreover, to the extent the Plaintiff argues that Defendant Foolsman violated his due process rights by denying him access to the grievance procedure, that argument fails because "an inmate has no constitutionally-protected liberty interest in access to [a prison's grievance] procedure." *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011).

## CONCLUSION

For the foregoing reasons, the Recommendation is **ADOPTED in part** and **REJECTED in part**.  Accordingly, the Plaintiff's First Amendment retaliation claims against Defendants Cannon, Forts, Powell, and Goody may proceed for factual development.[3]  The Plaintiff's claims against Defendant Foolsman are **DISMISSED without prejudice**.  The Plaintiff's Motion for Disqualification (Doc. 13) is **DENIED**.

**SO ORDERED,** this 24th day of August, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] The Plaintiff notes in his objection that the Magistrate Judge "refused to perform his duty to recommend injunctive relief which the Plaintiff demanded on the face of Document #1."  Doc. 11 at 2.  In his initial complaint, the Plaintiff demanded "a trial by jury and injunctive relief to move [him] to general population at the Georgia Diagnostic State Prison do [sic] to staff's retaliation."  Doc. 1 at 8.  But because the Plaintiff's retaliation claims and his request for injunctive relief are related and will proceed for further factual development, the Magistrate Judge did not err in not addressing his request for injunctive relief in the Recommendation.