IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| ROY MANDELL SMITH, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CASE NO. 5:18-CV-137 (MTT) |
|  | ) |  |
| SUPERINTENDENT MICHAEL CANNON *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting in part and denying in part the Defendants' motion to dismiss (Doc. 22), so that the Plaintiff's claims for compensatory and punitive damages be dismissed and the case not be dismissed for abuse of judicial process. Doc. 37 at 1. The Magistrate Judge also recommends denying all of the Plaintiff's motions, including a motion for summary judgment (Doc. 25), a motion for reconsideration to grant his motion for summary judgment (Doc. 27), a motion for injunctive relief (Doc. 31), and a "motion for leave to file interlocutory appeal" (Doc. 36).[1] *Id.* Both the Plaintiff and the Defendants have objected to the Recommendation. Docs. 38; 39. Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed de novo the portions of the Recommendation to which the parties object. For the following reasons, the Recommendation is **ADOPTED**.

---

[1] The Magistrate Judge also denied the Plaintiff's motion to disqualify, which the Court previously denied as patently frivolous. Docs. 37 at 1-2; 18; 15 at 1 n.1.

In his objection, the Plaintiff, who calls himself "God Almighty" and "Truly the Lord God," raises no divine argument. First, he argues the Magistrate Judge erred in recommending denial of his summary judgment motion because the Court, in an Order adopting in part and rejecting in part a previous Recommendation, found the "Plaintiff sufficiently alleged that Defendant Goody was involved in the other Defendants' retaliation." Docs. 39 at 1; 15 at 2. According to the Plaintiff, this finding somehow meant the Plaintiff was entitled to a judgment as a matter of law on his retaliation claims. That is wrong. As the Court noted, the Plaintiff's retaliation claims against certain Defendants were allowed to proceed for further factual development through discovery, not that the Plaintiff was entitled to a judgment as a matter of law. Doc. 15 at 3.

The Plaintiff also objects to the Recommendation that his motion for summary judgment be denied without prejudice to allow the Plaintiff to seek summary judgment at the conclusion of discovery. Docs. 37 at 2; 39 at 1-2. The Plaintiff contends that because the discovery period ended on August 27, 2018, and because the Defendants "failed to file a mandatory answer," he is "entitled to summary judgment in his favor." Docs. 25 at 1; 39 at 2. It seems the Plaintiff is actually seeking a default judgment. To the extent he is, the Defendants are not in default. While the Defendants must file an answer in this case, the deadline to file an answer has not yet expired. Federal Rule of Civil Procedure 12(b) allows defendants to move to dismiss a case before filing an answer. The Defendants have done just that.[2] Because, as discussed below, the Court

---

[2] The Plaintiff also argues that the Defendants' motion to dismiss was untimely filed. Doc. 41 at 2. Generally, if a defendant has timely returned a waiver form, it need not serve an answer to the complaint or otherwise respond until 60 days after the request for a waiver was sent. *See* Fed. R. Civ. P. 4(d)(3), 12(a)(1)(A)(ii). Here, the record seems to indicate that while the waiver forms were mailed to the

denies in part the Defendants' motion to dismiss, the Defendants have fourteen days after having notice of this Order to serve their answer. Fed. R. Civ. P. 12(a)(4)(A).

Also, contrary to the Plaintiff's assertion, the discovery period did not end on August 27, 2018. The 90-day discovery period began running on the date the Defendants moved to dismiss the Plaintiff's complaint, which is October 24, 2018. Docs. 6 at 10-11; 22. Because the Defendants' motion to stay discovery pending a final disposition of their motion to dismiss was granted on November 14, 2018, the parties have approximately two months to complete discovery after the entry of this Order. Doc. 29. And although a party may move for summary judgment before the discovery period ends, the opposing party "should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997) (citations omitted). Clearly, at this stage, the Defendants have not had an adequate opportunity to develop the facts necessary to oppose the Plaintiff's summary judgment motion on his claims. Thus, the Plaintiff's motion for summary judgment and "motion for reconsideration to grant Plaintiff's motion for summary judgment" are **DENIED as premature**.

Moreover, while the Plaintiff claims the Defendants caused him "physical injury by falsely imprisoning [him] from one SMU-cell to another" (Doc. 39 at 1), that is insufficient to show physical injury as required by the Prison Litigation Reform Act. The

---

Defendants, they were not signed and returned. Docs. 8; 9; 10. Thus, technically, the time to respond to the complaint has not yet run. In their motion to dismiss, the Defendants point out, albeit in a footnote, that they have not been properly served. Doc. 22-1 at 1 n.1. But that is through no fault of the Plaintiff. Indeed, it appears the Defendants do not move to dismiss under Rule 12(b)(5) for improper service of process. In any event, this deficiency of service must be cured. Accordingly, the Court extends the time for service. The Defendants shall return the waiver of service forms by May 7, 2019. If after that time the Defendants do not return the forms, the Clerk is **DIRECTED** to prepare and transmit to the United States Marshal a service package for personal service. Pursuant to Rule 4(d)(2), the Defendants will bear any costs associated with personal service.

Plaintiff also states in his objection that he "dismisses his motion for injunctive relief (Doc. 31) and notice of appeal (Doc. 36)."[3] Doc. 39 at 2. Accordingly, those motions are **DENIED**. Finally, as the Magistrate Judge noted, to the extent the Plaintiff seeks to relitigate claims that were previously dismissed in a separate case, that request is denied as futile under the doctrine of *res judicata*. Doc. 37 at 2. In short, the Plaintiff's objection is wholly without merit.

Regarding the Defendants' objection, the Defendants only object to the Recommendation that the Plaintiff's complaint not be dismissed for abuse of judicial process. Doc. 38 at 1. According to the Defendants, the Plaintiff abused the judicial process when he failed to disclose on the 42 U.S.C. § 1983 questionnaire and complaint form that one of his cases had been dismissed for failure to state a claim. *Id.* at 2. An order dismissing that case was entered on March 14, 2018. *Smith v. Sellers et al.*, No. 5:17-cv-497, Doc. 6 (M.D. Ga. 2018). On March 21, the Plaintiff moved for reconsideration of the dismissal to reinstate the case. *Id.* at Doc. 8. The Defendants contend that because the Plaintiff's complaint includes a signature date of March 14, 2018 with a certificate of service date of March 26, 2018, the Plaintiff knew about the dismissal of the other case "*at least* four (4) days before he submitted his complaint in this case for delivery through the United States mail." Doc. 38 at 3-4.

In response, the Plaintiff argues that he was "truthful" about describing the other case as "pending." Doc. 41 at 1. It seems the Plaintiff acknowledges that he knew about the order dismissing his other case at the time he filed his complaint; however,

---

[3] The Plaintiff recently renewed his "motion for leave to file interlocutory appeal." Doc. 45. The basis for seeking an interlocutory appeal appears to be that the Court "failed to make a final decision" in the Plaintiff's favor within a certain time. *Id.* at 2. That is patently frivolous. Accordingly, the renewed motion is **DENIED**.

because the Plaintiff had moved for reconsideration of that order on March 21, a few days before submitting his complaint in the current case, he believed the other case was still "pending." *Id.* To the Plaintiff, it was not until May 29, 2018, when his motion for reconsideration was denied, that the other case was "officially closed." *Id.* Accepting this explanation as true, the Court finds no intent to deceive when the Plaintiff described the other case as "pending" on the questionnaire and complaint form. Thus, the Court rejects the Defendants' argument to dismiss for abuse of judicial process.

What is more troubling is the "Status Report" that the Plaintiff recently submitted. Doc. 42. In that report, the Plaintiff requests "a legal settlement before the situation of [his] false imprisonment gets to[o] far out of hand and [he] will be forced to use physical force (deadly if necessary) upon this prison['s] administrative staff illegally imprisoning [him] without official documentation." *Id.* at 1. In their response, the Defendants argue that the Plaintiff's threat of violence against prison staff "is a bad faith abuse of the judicial process for which this court should sanction Plaintiff."[4] Doc. 43 at 4. The Court agrees that such threats of violence will not be countenanced. This is the first and final warning: any future threat of violence against anyone in any way will result in immediate dismissal of the case.

## CONCLUSION

For the foregoing reasons, the Recommendation is **ADOPTED**. Accordingly, the Defendants' motion to dismiss (Doc. 22) is **GRANTED in part** and **DENIED in part**. The Plaintiff may not recover compensatory or punitive damages, and the case is not

---

[4] Defense counsel also notes that in a November 12, 2018 letter, the Plaintiff threatened him. Doc. 43 at 3 n.2. The Court has reviewed that letter and does not find it threatening. At most, the Plaintiff suggested that if defense counsel continued to violate the law—i.e., committing perjury—he would "trade places" with the Plaintiff in prison. Doc. 44 at 2.

dismissed for abuse of judicial process. All of the Plaintiff's pending motions (Docs. 25; 27; 31; 36; 45) are **DENIED**. As discussed, the Court extends the time for service. The Defendants shall return the waiver of service forms by **May 7, 2019**. If after that time the Defendants do not return the forms, the Clerk is **DIRECTED** to prepare and transmit to the United States Marshal a service package for personal service. Pursuant to Rule 4(d)(2), the Defendants will bear any costs associated with personal service.

**SO ORDERED,** this 1st day of May, 2019.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT