IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ROY MANDELL SMITH
aka GOD ALMIGHTY,

    Plaintiff,

vs.

Superintendent MICHAEL
CANNON, et al.,

    Defendants.

CIVIL ACTION NO. 5:18-CV-137 (MTT)

## ORDER

Plaintiff ROY MANDELL SMITH, aka GOD ALMIGHTY, moves to appeal in forma pauperis. Doc. 69. The motion is **DENIED**.

Smith has not filed a notice of appeal. Presumably he seeks to appeal the judgment in favor of the Defendants that was entered on October 31, 2019, Doc. 64, almost two months before he filed his December 26, 2019 motion for leave to appeal in forma pauperis, Doc. 69. Motions to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma

pauperis must file a motion in the district court. The party must attach an affidavit that:

> (A) shows . . . the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with a motion to proceed in forma pauperis on appeal. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Smith did not submit an updated certified copy of his trust fund account statement. But the certified trust fund account statement that Smith filed in this Court on April 24, 2018, Doc. 2, indicates that he is unable to pay the $505 appellate filing fee.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.* An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Smith complains that the Court incorrectly entered judgment for the Defendants after it previously determined in its August 24, 2018 Order, Doc. 15, "that the Plaintiff proved that the Defendants did retaliate against the Plaintiff," Doc. 69 at 1. This is incorrect. In its August 24, 2018 Order, the Court did not determine the Defendants retaliated against Smith. Instead, the Court merely ordered that Smith's "First Amendment retaliation claims against Defendants Cannon, Fort, Powell, and Goody may proceed for factual development." Doc. 15 at 3. These claims did proceed for factual development, and the Defendants' subsequently moved for summary judgment. Doc. 57. Smith responded to the motion for summary judgment. Doc. 61. Smith incorrectly states that the Magistrate Judge and District Court committed "perjury" by failing to consider his response to the Defendants' motion for summary judgment before granting summary judgment in favor of the Defendants. Doc. 69 at 1-2. This, too, is incorrect. The Magistrate Judge and Court considered the facts as shown in Plaintiff's complaint, Doc. 1, and response, Doc. 61, and construed all of the evidence in the light most favorable to Plaintiff, Doc. 62 at 1-2, before granting summary judgment in favor of the Defendants. Docs. 62; 63; 66.

Smith also complains that the Court has yet to respond to his motion for summary judgment, which he filed almost two months after judgment was entered in favor of the Defendants and his case was closed. Doc. 67. The Clerk of Court responded to Smith's motion and explained that the time for filing a motion for summary judgment had passed, his case had already been dismissed, and judgment had been entered. Doc. 68. Smith's motion, Doc. 67, merits no further response.

In short, this Court's independent review of the issues addressed in the October

8, 2019 Report and Recommendation, Doc. 62, the Court's Order adopting the Recommendation, Doc. 66, and Smith's motion for leave to appeal in forma pauperis demonstrates that Smith's appeal is frivolous. The appeal, therefore, is not brought in good faith. Smith has raised no issues with arguable merit.

Consequently, Smith's applications to appeal *in forma pauperis*, Doc. 69, is **DENIED**.

If Smith wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Smith has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section 1915(b), the prison account custodian where Smith is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Smith's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Smith is incarcerated.

**SO ORDERED**, this 7th day of January, 2020.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT